**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

QUINEISHA FOY,

    Plaintiff,

v.

CORAL SPRINGS HOLISTIC PEDIATRICS, LLC

    Defendant.

_____/

**COMPLAINT**

Plaintiff, QUINEISHA FOY, (herein referred to as "Plaintiff" or "FOY"), by and through his undersigned attorney, hereby files this Complaint against CORAL SPRINGS HOLISTIC PEDIATRICS, LLC (hereinafter, "Defendant" or "CSHP"), and says:

**JURISDICTION AND VENUE**

1. This action is brought against the Defendant pursuant to 29 U.S.C. § 201, *et seq.* (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

1

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff FOY is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff FOY was employed by Defendant as a front desk receptionist. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant is Florida corporation with its principal place of business in Coral Springs, Florida, and authorized to do business in Florida. Defendant operates as a pediatric doctor's office located in Coral Springs, Florida.

7. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, Defendant is pediatric doctor's office and its employees, including FOY, regularly handled goods which were transported across state lines such as telephones, office supplies, computers, etc.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant was the "employer" of Plaintiff as that term is defined under 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

12. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of 40 hours during one or more workweeks within three (3) years of the filing of this complaint.

13. Plaintiff worked for Defendant at its Coral Springs location from mid May 2022 through December 9, 2022. During this period, there were several weeks where FOY worked between 41–50 hours.

14. Defendant failed to comply with 29 U.S.C. §§ 201–219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over 40 in a given workweek.

15. Plaintiff was paid every week at a rate of $19.00/hour and was not paid for overtime on any weeks.

16. Plaintiff received the same pay each week despite working approximately 41 to 50 hours per week.

17. During her employment with Defendant, Plaintiff was never provided her paystubs.

18. Plaintiff continually asked the office manager Laura for her paystubs starting with the first paycheck she received.

19. On or about December 6, 2022, Plaintiff also complained to Laura and the owner of the practice about not getting paid overtime wages for the hours over 40 in a workweek that she worked.

20. FOY was terminated the next day, December 7, 2022, after she complained about not being paid for overtime.

21. Prior to her termination, Plaintiff had received no disciplinary action and was not otherwise advised that her performance was anything less than satisfactory.

22. Defendant does not have a legitimate, non-retaliatory reason for terminating Plaintiff.

23. Defendant and its representatives knew that Plaintiff was working overtime and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

24. Defendant maintained complete control over the hours Plaintiff worked and the pay she was to receive.

25. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

26. Plaintiff is entitled to her reasonable attorney's fees and costs if she is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA / OVERTIME

27. Plaintiff re-alleges and re-avers paragraphs 1–26 as fully set forth herein.

28. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the FLSA (29 U.S.C. § 207) by employing workers engaged in commerce for workweeks longer than 40 hours without compensating her for all hours worked in excess of 40 hours at a rate not less than one- and one-half times her regular rate.

29. Specifically, Plaintiff worked approximately 41–50 hours during several weeks between May 2022 and December 2022. However, she was not paid at all for overtime worked.

30. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was not a bona fide executive, administrative, professional employee, nor primarily participating in outside sales. Plaintiff performed general office administrative duties, did not have decision-making authority, and her primary duty was to answer telephones and patient intake.

31. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of 40 per week between the relevant time period.

32. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

33. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

34. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff QUINEISHA FOY demands judgment for:

    a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

    b) Interest on the amount found due;

    c) Liquidated damages;

    d) A jury trial on all issues so triable;

  e)  Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

  f)  Such other relief as the Court deems just and proper.

### COUNT II – FLSA RETALIATION

35. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

36. Before she was terminated, Plaintiff complained to the office manager and the owner about not being paid overtime wages.

37. Shortly after complaining, Plaintiff was terminated without cause.

38. Plaintiff was terminated because of her complaints regarding Defendant's failure to pay overtime wages and for not proving Plaintiff with her check stubs as requested.

39. There is no legitimate, non-retaliatory reason for Defendant's decision to terminate Plaintiff. Any reason(s) proffered by Defendant is therefore pretextual.

40. Defendant fired Plaintiff in violation of 29 U.S.C. § 215(a)(3) of the FLSA.

41. Defendant showed reckless disregard of the provisions of the FLSA concerning their retaliation against Plaintiff for her FLSA complaints.

42. At all times relevant, the office manager Laura was a supervisor and was acting within the course and scope of her position as it relates to Defendant.

43. By reason of the foregoing acts of the Defendant, Plaintiff has suffered damages including lost wages, and she is entitled to liquidated damages.

**WHEREFORE**, Plaintiff QUINEISHA FOY hereby demands judgment against Defendant for:

  a)  Damages allowable for FLSA retaliation;

  b)  Liquidated damages;

  c)  Jury trial on all issues so triable;

    d)    Interest;

    e)    Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

    f)    Any other relief this court deems proper

## DEMAND FOR JURY TRIAL

Plaintiff QUINEISHA FOY demands trial by jury for all issues contained herein so triable by law.

Dated: February 16, 2023.

**LAW OFFICES OF CHARLES EISS P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:    **/s/ Charles Eiss**
CHARLES M. EISS, Esq.
Fla. Bar #612073
Chuck@icelawfirm.com
JORGE GONZALEZ, ESQ.
Fla. Bar. # 1038146
jorge@icelawfirm.com